CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JULY 11, 2017

JULIA C. DUDLEY, CLERK
BY:    s/ F. COLEMAN
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| **ZEN42 LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No. __6:17CV00053__ |
| | ) |
| **THE WASHINGTON AND** | ) |
| **LEE UNIVERSITY,** | ) |
| | ) |
| SERVE:    JAMES D FARRAR JR, | ) |
| REGISTERED AGENT | ) |
| WASHINGTON AND LEE | ) |
| UNIVERSITY | ) |
| 204 W WASHINGTON ST | ) |
| LEXINGTON, VA 24450 | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

The Plaintiff, ZEN42 LLC ("**ZEN42**"), by its undersigned counsel, for its Complaint against The Washington and Lee University ("**WLU**") states as follows:

## JURISDICTION AND VENUE

1.      ZEN42 is a Massachusetts limited liability company with its principal office located in Lincoln, Massachusetts.

2.      Upon information and belief, WLU is a Virginia corporation with its principal office located in Lexington, Virginia.

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest or costs, and is between citizens of different states.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), (2) because WLU resides in this judicial district and because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

## INTRODUCTION

5.     ZEN42 seeks actual damages from WLU in the amount of not less than One Hundred Five Thousand Six Hundred Seventy-Eight and 54/100 Dollars ($105,678.54) as well as attorneys' fees, costs, and expenses incurred in this proceeding, and post-filing interest. ZEN42's claim is based on breach of a written contract between ZEN42 and WLU in the form of a Water Services Agreement dated September 12, 2012, and as subsequently amended by Amendment No. 1 dated March 14, 2013 and Amendment No. 2 dated June 30, 2015 (the foregoing, collectively, the "**WSA**").  WLU materially breached the WSA by improperly and without proper cause terminating the WSA by letter dated May 19, 2016.  WLU also materially breached the WSA by failing to render payment thereunder after May 19, 2016.  ZEN42 suffered actual damages as a result of each of these breaches by WLU.

## STATEMENT OF FACTS

6.     ZEN42 and WLU entered into the WSA.  A true and  accurate copy of the WSA is attached hereto as **Exhibit A**.

7.     The WSA commenced upon July 1, 2014 (the "**Base Term Commencement Date**").  Ex. A, WSA, Amend. No. 2, ¶ 1.

8.     The WSA has a sixty (60) month term (the "**Base Term**"), beginning on the Base Term Commencement Date.  Ex. A, WSA, ¶ 1.

9.     Pursuant to the WSA, WLU agreed to pay to ZEN42 the following monthly fees:

2

(a) <u>Base Term Fee</u>.  Customer agrees to make a monthly payment to Supplier at the end of each month in the amount of (i) $2,900 per month for each of the first 24 months during the Base Term and (ii) $2,400 per month for each of the remaining months in the Base Term.

Ex. A, WSA, Amend. No. 2, ¶ 3.

**A.** **WLU's Improper Termination of the WSA Lacked Cause and Was Procedurally Deficient.**

10.     Paragraph 8(b)(ii) of the WSA provides as follows:

In the event the performance testing process indicates non-compliance by Supplier with the Minimum Performance Standards, then ***Supplier shall be permitted 60 days[ ]to make such repairs or modifications***, at Supplier's sole expense, ***as are necessary to meet such standards***.  When such repairs or modifications are completed, Supplier, at its own expense, shall conduct an additional performance test to demonstrate that it has achieved compliance with the Minimum Performance Standards.

Ex. A, WSA, ¶ 8(b)(ii) (emphasis added).

11.     Paragraph 8(c)(i) of the WSA provides, in pertinent part:

Provided that any non-compliance is not primarily the result of any failure on the part of Customer to perform hereunder, ***if the period of non-compliance exceeds 60 days, Customer may terminate this Agreement upon twenty (20) days prior written notice*** and shall have no further obligation to make any Fee payments to Supplier after the termination date. . . .

Ex. A, WSA, § 8(c)(i) (emphasis added).

12.     By letter dated May 19, 2016, WLU terminated the WSA.  A true and correct copy of the May 19, 2016 letter including appendices thereto is attached as **<u>Exhibit B</u>**.

13.     As evident in WLU's termination letter dated May 19, 2016, WLU terminated based upon the alleged presence of seed crystals.

14.     Specifically, the May 19, 2016 letter states:

3

> As evident in the photos listed in Appendix A, ***LaMotte Water Management has not been able to prevent the seed crystals from forming on the heat exchanger surface of our chillers.*** Based on this experience, we conclude that it's in the best interest of the University to discontinue our reliance on this system for condenser water management. To that end, ***this letter constitutes written notice of termination of our contract with Zen42, LLC.***

Ex. B (emphasis added).

15. WLU did not have grounds to terminate the WSA under Paragraph 8 of the WSA as WLU did not terminate due to non-compliance with the Minimum Performance Standard.

16. Paragraph 8 of the WSA, as amended by Amendment No. 2, defines "Minimum Performance Standard."

17. The revised definition of "Minimum Performance Standard" set forth in Amendment No. 2 to the WSA is as follows: "Cycles of concentration will be controlled at a minimum set point of 1250 PPM TDS (the 'Minimum Performance Standard')." Ex. A, WSA, Amend. No. 2, ¶ 4(a).

18. Specifically, the presence or absence of "seed crystals" is not recited as a "Minimum Performance Standard" in Paragraph 8 of the WSA, or anywhere in the WSA.

19. WLU did not terminate the WSA in accordance with Paragraph 8(b)(ii) thereof as WLU failed to provide a 60-day cure period for ZEN42's alleged non-compliance with the WSA.

20. WLU did not terminate the WSA in accordance with Paragraph 8(c)(i) thereof as WLU failed to provide ZEN42 the requisite twenty (20) days prior written notice of termination.

**B.      WLU Breached the WSA By Failing to Abide by the Procedure for Termination and By Failing to Timely Make Monthly Payments.**

21. Paragraph 18(a) of the WSA states in pertinent part:

4

  (a) <u>Events of Default</u>. Each of the following events or conditions shall constitute an "Event of Default" by Customer or Supplier (as applicable):

    (i) Customer shall fail to pay when due any Monthly Payment or other amount due hereunder and such failure continues for 10 days after the date when due.

*****

    (iii) Customer or Supplier shall breach any covenant or other obligation that it is required to perform hereunder and such failure continues for thirty (30) days (or such other period that may be expressly provided in this Agreement after written notice to the breaching party specifying such breach.

Ex. A, WSA, ¶ 18(a).

  22. Paragraph 18(b) of the WSA states:

  (b) <u>Supplier Remedies</u>. If an Event of Default by Customer occurs, Supplier may, without a waiver of other remedies that exist in law or equity:

    (i) exercise all remedies available at law or in equity or other appropriate proceedings including bringing an action or actions from time to time for recovery of amounts due and unpaid by Customer, and/or for direct damages which shall include all costs and expenses reasonably incurred, including, without limitation, reasonable attorney fees;

    (ii) terminate this Agreement;

    (iii) demand, and Customer shall then pay, liquidated damages in an amount equal to the then-applicable Termination Payment as specified on Exhibit C hereto.

Ex. A, WSA, ¶ 18(b).

  23. Paragraph 6(c) of the WSA, as amended by Paragraph 3 of Amendment No. 2 thereto, states:

5

(c)    <u>Late Charges</u>.  If Customer does not pay any amount when due hereunder, Customer agrees to pay to Supplier a late charge equal to 2 percent of such overdue amount.   In addition, any amount that is not paid within 30 days of the date when due shall accrue interest at 12% per annum, but not more than the highest amount permitted by applicable law. . . .

Ex. A, WSA, Amend. No. 2, ¶ 3.

24.    Following the May 19, 2016 letter, WLU made no further monthly payments to ZEN42.

25.    The failure to make any further monthly payments to ZEN42 constituted an Event of Default pursuant to Paragraph 18(a)(i) of the WSA.

26.    WLU is indebted to ZEN42 for late charges for all unpaid amounts pursuant to Paragraph 6(c) of the WSA.

27.    WLU is indebted to ZEN42 for interest for all unpaid amounts older than 30 days pursuant to Paragraph 6(c) of the WSA.

### COUNT I
### <u>BREACH OF CONTRACT</u>

28.    ZEN42 incorporates by reference the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29.    The WSA constitutes an enforceable contract between ZEN42 and WLU.

30.    WLU is in material breach of the WSA by virtue of its improper termination of the WSA by its letter to ZEN42 dated May 19, 2016.

31.    WLU is in material breach of the WSA by virtue of its failure and refusal to make monthly payments to ZEN42 after May 19, 12016.

6

32.     As a direct and proximate result of WLU's breach of the WSA, as of July 1, 2017, ZEN42 has suffered actual damages and reasonably expects to suffer additional actual damages in the aggregate principal amount of One Hundred Five Thousand Six Hundred Seventy-Eight and 54/100 Dollars ($105,678.54), plus the amount of its costs, expenses, and reasonable attorneys' fees incurred as a result of WLU's breach.

33.     ZEN42's actual damages have been calculated as of July 1, 2017. After July 1, 2017, the amount of ZEN42's actual damages will change due to the accrual of late fees and default interest. Once a trial date is set, ZEN42 will amend the amount of its actual damages to reflect late fees and default interest accrued as of the trial date.

34.     ZEN42's damages as of July 1, 2017 in the amount of One Hundred Five Thousand Six Hundred Seventy-Eight and 54/100 Dollars ($105,678.54) are calculated as detailed on **Exhibit C** attached hereto.

### REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff, ZEN42 LLC, requests that the Court enter judgment in its favor and against the Defendant, The Washington & Lee University as follows:

(a)     Actual damages against The Washington & Lee University in an amount to be proven at trial but no less than One Hundred Five Thousand Six Hundred Seventy-Eight and 54/100 Dollars ($105,678.54);

(b)     Reasonable attorneys' fees;

(c)     Pre and post judgment interest;

(d)     All costs and expenses incurred in bringing this legal action; and

(e)     For such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

7

Dated: July 11, 2017                              ZEN42 LLC

                                          _____/s/_____
                                          R. Webb Moore (Va. Bar No. 27268)
                                          Rachel A. Greenleaf (Va. Bar No. 83938)
                                          Attorneys for ZEN42 LLC
                                          HIRSCHLER FLEISCHER
                                          A Professional Corporation
                                          The Edgeworth Building
                                          2100 East Cary Street
                                          Post Office Box 500
                                          Richmond, Virginia 23218-0500
                                          Telephone:     (804) 771-9500
                                          Facsimile:     (804) 644-0957
                                          E-mail:        wmoore@hf-law.com
                                                         rgreenleaf@hf-law.com

8924317-1  041919.00001